claim of double jeopardy is without merit and is denied.

3. The alleged insufficiency of the evidence to establish that Carl Roberts used a dangerous weapon in the assaults almost borders on the frivolous. Wholly aside from the agents' testimony that Carl had a loaded derringer pistol in his hand which he pointed at them, the evidence establishes beyond a reasonable doubt that with respect to the assaults by Roy and co-defendants Leach and Farris, Carl was guilty as an aider and abetter, and hence was punishable as a principal under Section 2, 18 U.S.C. Cf. United States v. Tijerina, 10 Cir., 407 F.2d 349, 355. In these circumstances it is unnecessary to determine whether the alleged insufficiency of the evidence as to Carl may properly be raised by way of collateral attack. Cf. Weaver v. United States, 8 Cir., 418 F. 2d 475. We note that on direct appeal all defendants, including Carl, conceded that each of them was guilty of one of the assaults, and in effect conceded the sufficiency of the evidence to sustain one charge of assaulting an officer with a dangerous weapon.

The motion to vacate should be and is hereby overruled as to both petitioners.

**Frank N. JANDA et al., Plaintiffs,**

v.

**The STATE OF ILLINOIS et al., Defendants.**

**No. 71 C 133.**

United States District Court,
N. D. Illinois, E. D.

July 6, 1972.

Judson C. Ball, Chicago, Ill., for plaintiffs.

Lawrence Gunnells for Kirkland, Ellis, Hodson, Chaffetz & Masters, William J. Scott, Atty. Gen., Edward P. Saltiel, Chicago, Ill., for defendants.

## DECISION and ORDER

McMILLEN, District Judge.

Plaintiffs are former employees of the Secretary of State of Illinois. They sue in their capacity as discharged office holders, as American citizens, as registered voters, and as taxpayers, alleging themselves to be class representatives in each capacity. They have joined as defendants, besides the State of Illinois, various public officials and political organizations.

The gravamen of the Complaint is that plaintiffs, as Democrats, were allegedly discharged as investigators in the Secretary of State's Office on January 11, 1971 to make way for appointees who were Republicans. They allege in paragraph 17 of Count I that this violated their rights under the First, Fifth

and Fourteenth Amendments of the Constitution of the United States with respect to equal protection of the law, freedom of association, freedom of speech, and due process. Count II alleges that they had been employed pursuant to a written contract with Paul Powell and that their discharge for political reasons was a breach of contract, in addition to a violation of the foregoing constitutional amendments. Count III alleges that this action interferes with their rights as qualified voters to participate freely in the electoral processes, and Count IV apparently intends to make similar allegations in their capacity as taxpayers. Count V is an assemblage of allegations from all other counts and does not constitute any new or additional causes of action. Plaintiffs in all Counts seek a declaratory judgment, an injunction, and compensatory and exemplary damages.

Defendants have all filed motions to dismiss and the defendant Secretary of State has filed a motion for summary judgment. Some of these motions will be granted, but the elements of some causes of action against some defendants still remain.

■ The first question is plaintiffs' standing to sue. They bring this action under 28 U.S.C. §§ 1331 and 1343. Therefore they need not show diversity and, under Section 1343, they need not show any jurisdictional amount of damages. Cf. 42 U.S.C. § 1983 and Adams v. City of Park Ridge, 293 F.2d 585 (7th Cir. 1961).

■ It is also clear that plaintiffs are directly affected by their alleged dismissal from employment and consequently have standing to bring at least part of this controversy. Baker v. Carr, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962); disting. Sierra Club v. Morton, 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (April 19, 1972). They also have standing as voters and taxpayers. Flast v. Cohen, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968); Shakman v. Democratic Organization of Cook County, 435 F.2d 267 (7th Cir. 1971). There is a certain inconsistency, however, between suing for personal loss of employment and voting rights, and suing as taxpayers for a waste of public funds. For this and other reasons discussed below, plaintiffs may be required to elect between these causes of action.

■■ Before proceeding to the substance of the Complaint, the issue of the proper parties defendant must be decided. Because of the Eleventh Amendment, the plaintiffs cannot sue the State of Illinois in this court for their loss of earnings or for any other alleged wrong. Hans v. Louisiana, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1899). Furthermore the State of Illinois as a corporate body is not alleged to have wronged the plaintiffs.

■■ The same immunity holds true as to Governor Ogilvie in his official capacity. Although the Governor can be sued individually for violation of Constitutional rights, Monroe v. Pape, 356 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), there is no allegation in the Complaint that he committed any such act. Therefore the Complaint fails to state a claim against Governor Ogilvie either officially, individually or as a Republican leader.

■ The result is different as to Secretary of State Lewis and Under Secretary Kucharski, however. They can and have been sued for dereliction of duties, and, under the foregoing decisions, they are proper defendants. The characterization of Mr. Kucharski as President of the Republican Organization of Cook County, Illinois and Chairman of the Republican County Central Committee is improper surplusage, however, because no cause of action is alleged against either of these two organizations.

■ The two aforementioned political organizations are not proper parties defendant because nothing improper is alleged to have been done by them. They are alleged to be the beneficiaries of the defendants Lewis' and Kuchar-

ski's employment practices, but they are not alleged to have played any part in the discharge of the plaintiffs or the hiring of their successors. Nor do these local county organizations have any constitutional or statutory power over the Secretary of State. The Complaint should be dismissed as to these defendants, for substantially the same reasons as to the Governor individually and as a Republican leader.

The Secretary of State has filed a motion for summary judgment on the grounds that a similar case against him was dismissed by the United States District Court for the Southern District of Illinois. Illinois State Employee Union v. Lewis, #4743. In support of this motion, defendant Lewis has filed the same affidavit as he did in #4743 to the effect that plaintiffs were discharged for reasons of efficiency and not for political reasons. Plaintiffs have filed counter-affidavits in the case at bar, however, which effectively raise material issues of fact, and the motion for summary judgment must be denied for this reason. The defense of *res judicata* cannot be determined on the pleadings inasmuch as the plaintiffs are different and the classes may or may not be different, if and when determined. Certainly it cannot be said at this stage of the litigation that the same issues have been litigated between these parties in case No. 4743.

The remaining motions of the remaining defendants are filed pursuant to F.R.Civ.P. 12(b) on the theory that the Complaint fails to state a claim upon which relief can be granted. Count I alleges at least indirectly that plaintiffs were discharged for their political affiliation (paragraphs 13 & 17). Although plaintiffs have no civil service standing or tenure, it is clear such a discharge, if proved, would constitute an interference with First Amendment rights. Perry, et al. v. Sindermann, etc., 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (June 29, 1972). The plaintiffs might also be able to prove a violation of Fourteenth Amendment rights, although this has not been well pleaded. The fact that plaintiffs may have been discharged in order to provide jobs for Republican political workers is not the gravamen of this Count, but might constitute evidence of the reason for discharge. Therefore Count I states a cause of action under 42 U.S.C. § 1983.

Count II purports to be based on written contracts with the late Paul Powell effective January 13, 1969 for four years. No copy of any contract is attached, but it is apparently alleged to be a contract with the former Secretary of State. This count adds no constitutional dimension to the allegations of Count I. What remains of Count II is basically a suit for money damages against the former Secretary of State or an arm of the State of Illinois, which cannot be maintained in this court. Hans v. Louisiana, *supra* and Monroe v. Pape, *supra*.

Count III alleges the substantive portions of Count I, but plaintiffs sue as qualified voters. Although some of the constitutional allegations of Count I are lacking in Count III, it does contain the added elements of standing as voters and nonemployees. If properly proved, with the necessary constitutional allegations, Count III could stand alone as a substantive violation of rights and therefore should not be dismissed.

Count IV apparently intends to state a taxpayers' complaint but is garbled. We have no doubt that taxpayers can sue for improper use of public funds, including their use to aid a political organization. However, it is doubtful that suits by former state employees, voters and taxpayers can be joined together in one class action. At least until a proper amendment is filed, Count IV will be dismissed.

Count V is likewise unintelligible. Apparently plaintiffs intend it to be a catch-all combination of all of the other four Counts into one. Since it therefore becomes redundant and also subject to the deficiencies of Counts II and IV, it will be dismissed.

It is therefore ordered, adjudged and decreed that the Complaint be and it is dismissed as to the defendants State of Illinois, Richard B. Ogilvie individually and as Governor of the State of Illinois, the Republican Organization of Cook County, Illinois, Republican County Central Committee and Edmund J. Kucharski as president and chairman of the latter two organizations.

It is further ordered, adjudged and decreed that Counts II, IV and V be and they are dismissed on the Motions of the remaining defendants for failure to state a claim upon which relief can be granted.

It is further ordered, adjudged and decreed that the Motions of John W. Lewis individually and as Secretary of State for the State of Illinois and Edmund J. Kucharski individually and as Under Secretary of State for the State of Illinois to dismiss Counts I and III of the Complaint are denied, and they are ordered to file answers thereto within 20 days.

This case will be called for a report on status on July 26, 1972 at 10 a.m. without further notice.