Tomas VEGA MATTA, Plaintiff,

v.

Dr. Jose A. ALVAREZ de CHOUDENS, etc., et al., Defendants.

Civ. No. 75–841.

United States District Court,
D. Puerto Rico.

Feb. 25, 1977.

*aff 577 F 2d 722*

247

José A. Rivera Robles, Río Piedras, P.R., for plaintiff.

Mario L. Paniagua, Jr., Asst. Sol. Gen., San Juan, P.R., for defendants.

## OPINION AND JUDGMENT

PESQUERA, District Judge.

This is an action brought pursuant to 42 U.S.C. § 1983 and its jurisdictional counterpart, 28 U.S.C. § 1343, seeking money damages and equitable relief. Plaintiff alleges that defendants terminated his employment in an arbitrary and discriminatory manner, depriving him of the rights and privileges secured to him by the First and Fourteenth Amendments to the Constitution of the United States.

Upon filing the complaint, plaintiff applied for a temporary restraining order. The Court denied said application and in lieu thereof issued an order to show cause against defendants, setting a hearing for November 5, 1975. Defendants were ordered thereby to file their answer to the complaint by no later than October 14, 1975.

The record shows that on August 19, 1975 defendants José E. Soler-Zapata and Rafael Montes-Félix were served with copies of the summons and order to show cause, and that on August 20, 1975 defendant José Alvarez de Choudens was likewise served. The remaining defendant, Rubén D. Román, was not served; nevertheless, plaintiff subsequently informed this Court that he was voluntarily dismissing the complaint insofar as said codefendant was concerned.

Not having defendants herein pleaded, answered or otherwise defended themselves

248

against the complaint by October 14, 1975, upon plaintiff's application for entry of default, the Clerk of the Court entered the same against defendants on October 23, 1975.

On October 29, 1975, over sixty days after they had been served, defendants filed a motion to set aside default and to quash summons, alleging a defect in the summons and our lack of jurisdiction as a result thereof. Plaintiff filed a timely opposition to said motion and on November 5, 1975, after hearing arguments from both parties, this Court denied defendants' motion to set aside default and to quash summons because good cause was not shown, and because the alleged defect on the summons was a mere technicality curable by amendment under Rule 4(h) of the Federal Rules of Civil Procedure.[1]

After plaintiff informed the Court that he waived his demand for jury trial[2] this Court held an evidentiary hearing to determine the amount of unliquidated damages, if any, to which plaintiff was entitled.[3]

On November 14, 1975, defendants filed a motion for reconsideration and memorandum of law in support thereof requesting this Court to reconsider our order of November 5, 1975 by which we denied defendants' motion to set aside default and to quash summons.

■ The Rules of Civil Procedure authorize setting aside of a default entry "for good cause shown". If a judgment by default has been entered, it may be set aside for any one of the specified reasons in Rule 60(b).[4] Moreover, courts have often held that when the default has not been willful and the moving party acts with reasonable promptness and alleges a meritorious de-

fense to the action, defaults should generally be set aside. *Thorpe v. Thorpe*, 124 U.S.App.D.C. 299, 364 F.2d 692; *Horn v. Intelectron, Inc.*, 294 F.Supp. 1153.

We have carefully examined the record in this case, including the transcript of the hearing on defendants' motion to quash summons and set aside default, and we believe we must still stand by our previous decision regarding these matters. Defendants' motion, as was reiteratively indicated by their attorneys at the aforementioned hearing, is essentially based on the fact that a defect in the summons presented a jurisdictional question which should move this Court to set aside the entry of default.

It appears from the record that the summonses were served on defendants, accompanied by copies of the original complaint and order to show cause. Defendants allege that the failure to include the names of all codefendants in the caption of each summons violates Rule 4(b) of the Federal Rules of Civil Procedure, thus precluding the Court from attaining jurisdiction over said codefendants. They cite 2 Moore's Federal Practice, Section 4.07(1) as support for this contention.

We heretofore decided that small clerical defects in the summons, particularly when defendants have been duly and unambiguously notified, are curable by amendment under Rule 4(h).[5] We hereby reaffirm said decision.

■ In the instant case all defendants appearing herein received copies of the complaint and order to show cause together with their respective summonses. The captions of both the order to show cause and the complaint included the names of all

---

1. See 2 Moore's Federal Practice, Section 4.44, pp. 1,295.50–1,295.52.

2. Under Rule 55(b)(2), F.R.C.P., when a *default judgment is to be entered by the Court*, there is no constitutional or statutory right to trial by jury; therefore, Rule 38(d) is inapplicable. See 6 Moore's Federal Practice, Section 55.07, pp. 55.95–55.96.

3. The allegations of the complaint, except as to the amount of damages, are taken as true.

*Brown v. Kenron Aluminum & Glass Corp.*, 477 F.2d 526 (1973). See also 3 Barron & Holtzoff, Fed.Prac. & Proc., Section 1216, pp. 85–86 (1958).

4. 9 Cyc.Fed.Proc. (3rd Ed.), Section 30.09; F.R. C.P., Rule 55(c).

5. See 2 Moore's Federal Practice, Section 444, pp. 1,295.50–1,295.51.

codefendants in the present action. Accordingly, the purpose of service of process was fulfilled and the mere omission of some of the names of the defendants in the captions of the summonses did not constitute a jurisdictional impairment. We further note that defendants' attorneys admitted that they had been notified with sufficient time and that it may have been a "tactical mistake" to wait until after default had been entered by the Clerk to appear for the purpose of moving this Court to quash summons. Said attorneys stated that knowing they had a "valid" jurisdictional excuse, they let the period elapse before making their appearance before this Court.

We believe that as a matter of justice we cannot condone such willful "tactical" default. This Court must deal with an extremely cumbersome load of cases, and it is our unavoidable duty to conjugate expediency with justice. We cannot accept willful default which is designed to accommodate the particular interests of one of the parties to a suit. Such motives for belated appearance are certainly not "good cause" for granting relief from entry of default, nor are they contemplated in Rule 60(b) of the Federal Rules of Civil Procedure as causes for setting aside judgment by default.

█ Defendants' attorneys additionally contend that the heavy load of cases assigned to their department contributed to their belatedness. This, in any case, could have been a reason for the filing of a motion for extension of time; excusable neglect it is not.

Although this Court has kept a liberal attitude against judging cases by default, the same must not be abused of or relied upon by the parties to an action. When default has been willful and impresses upon the Court as an exercise in intentional dilatory tactics, and cannot be reasonably excused, we should not set it aside. This is more so in a case like the instant one, where plaintiff sought equitable relief and delay could very much affect his purported rights. Accordingly, defendants' motion for reconsideration is hereby denied.

In view of the foregoing, and after carefully considering and examining the allegations of the complaint and the evidence as to the amount of damages, the Court makes the following

### Findings of Fact

1. Plaintiff has been a career employee in the Civil Service of the Commonwealth of Puerto Rico and its municipalities for twenty-three years. He has served as a school teacher, auditor of the municipality of Ceiba and, beginning in 1962, as the Administrator of the Health Center of the Municipality of Ceiba.

2. Plaintiff was at all times material herein a member of the New Progressive Party.

3. As a result of the Popular Democratic Party winning the elections held in the Commonwealth of Puerto Rico in 1972 and taking over the administration of the government in January 1973, defendants José A. Alvarez de Choudens and José E. Soler-Zapata were respectively appointed Secretary of Health of Puerto Rico and Medical Director of the Department of Health for the Eastern Region, in substitution of the former administrators.

4. On April 14, 1973, defendant José E. Soler-Zapata transferred plaintiff to the Sub-Regional Hospital of Fajardo for a so-called retraining program, notwithstanding the fact that plaintiff had held the position of administrator for ten years and had himself trained new administrators at the Ceiba Health Center. As a result of said defendant's action plaintiff was relieved of his functions and responsibilities and no work was assigned to him thereafter.

5. On May 8, 1974, defendant José A. Alvarez de Choudens terminated plaintiff in his employment, effective June 15, 1974. Plaintiff had theretofore accumulated twenty-three years of public service; with two more years of the same he would have been entitled to a merit pension of approximately sixty-six percent (66%) of his salary.

6. Plaintiff was terminated in his employment because of his ideological and po-

litical beliefs which were at all times material herein contrary to those held by defendants and known to defendants.

7. When terminated in his employment, plaintiff had a monthly salary of $475.00 and in July 1, 1974, if termination had not occurred, it would have been increased by $50.00 a month. As of the date of the final hearing of this case, plaintiff's loss of earnings aggregated to $8,400.00. Plaintiff would have also received the 1974 "Christmas Bonus" [6] equivalent to 4% of his salary, and amounting to $228.00.

8. Since August 1974 plaintiff has worked as a barber at a barbershop located in the municipality of Fajardo for a weekly salary of $50.00 plus tips which approximate $3.00 a week. As of the date of the final hearing of this case, said earnings aggregated to $3,130.00.

9. As a direct result of his termination of employment, plaintiff has suffered discomfort, anxiety and economic hardship. He has been unable to cover his household expenses; he had only two years before being eligible for retirement with twenty-five years of service, thus receiving substantial retirement benefits.[7]

In view of the foregoing findings of fact, this Court makes the following

### Conclusions of Law

■ This Court has jurisdiction to entertain the present action pursuant to 42 U.S.C. 1983 and 28 U.S.C. 1343. Defendants' actions were performed under color of the Personnel Law of Puerto Rico, 3 L.P.R.A. 641 et seq. Said actions subjected plaintiff to the deprivation of rights, privileges and immunities guaranteed to him by the Constitution of the United States. See *Adickes v. Kress*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

■■ Plaintiff's position as administrator of the Health Center was not one of trust and confidence, nor was it one that carried policy-making decisions. See Decision No. SS 69–3 of the Personnel Board of Puerto Rico dated August 4, 1969, in the case of *Lupercio Oquendo Ilarraza v. Department of Health*. Defendants José A. Alvarez de Choudens and José E. Soler-Zapata, acting under color of the aforementioned state law, arbitrarily terminated plaintiff in his employment thus altering his career as a government employee with twenty-three years of public service. See *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). While there is no constitutional right to public employment as such, public employees have a constitutional right to be free from arbitrary discharge and unreasonably discriminatory practices. Moreover, a public employee may not be denied employment because he has exercised his constitutional right to freedom of speech and association. *Perry v. Sindermann*, 408 U.S. 593, 597, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Accordingly, an employee of the Commonwealth of Puerto Rico may not be dismissed solely on the grounds of political affiliation. *Elrod v. Burns*, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976). See also Article II, Section I, Constitution of the Commonwealth of Puerto Rico; 3 Rules and Regulations of the Commonwealth of Puerto Rico 647.221; *Janda v. State of Illinois*, 348 F.Supp. 568 (1972).

■ In view of the foregoing, this Court finds that defendants José Alvarez de Choudens and José E. Soler-Zapata violated plaintiff's constitutional right to free association under the First Amendment to the Constitution of the United States. The complaint does not include sufficient allegations insofar as codefendant Rafael Montes-Félix is concerned.

### Judgment

■ In view of the foregoing Findings of Fact and Conclusions of Law, it is hereby ORDERED, ADJUDGED and DECREED

---

6. The Christmas Bonus law appears at 3 L.P.R.A. 757 et seq.

7. The retirement system for public employees of the government of Puerto Rico appears at 3 L.P.R.A. 761 et seq.

that defendants José Alvarez de Choudens and José E. Soler-Zapata and pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, their successors in office, their agents, servants, employees and attorneys and all persons in active concert or participation with them be permanently enjoined and restrained from changing or modifying plaintiff's status in the Civil Service of the Commonwealth of Puerto Rico or from decreasing his salary or from terminating his employment as administrator of the Health Center of Ceiba for the reasons and in the manner previously discussed in the foregoing findings of fact and conclusions of law.

It is further ORDERED, ADJUDGED and DECREED that plaintiff be reinstated, with all his rights, to his position as Administrator of the Ceiba Health Center.

In view of the fact that this Court finds bad faith in defendants José Alvarez de Choudens' and José E. Soler-Zapata's actions, it is further ORDERED, ADJUDGED and DECREED that plaintiff recover from said defendants the sum of $4,498.00 for loss of earnings and the amount of $20,000.00 for general damages, including mental anguish and emotional distress. And it is further ORDERED, ADJUDGED and DECREED that the instant case be and it is hereby dismissed as to codefendants Rafael Montes-Félix and Rubén D. Román.