**Opal WILLIAMS, Plaintiff,**

v.

**E.I. duPONT de NEMOURS COMPANY, et al., Defendants.**

Civil A. No. 3–83–0233.

United States District Court,
M.D. Tennessee,
Nashville Division.

Oct. 18, 1983.

Larry D. Woods, Woods, Bryan, Woods & Watson, Nashville, Tenn., for plaintiff.

Karen L.C. Ellis, Bass, Berry & Sims, Michael J. Passino, Barrett & Ray, Nashville, Tenn., for defendants.

## MEMORANDA OPINIONS AND ORDERS

NEESE, Senior District Judge, sitting by designation.

This action is brought under the Labor Management Relations Act, § 301(a), 29 U.S.C. § 185(a). The plaintiff claims her former employer breached a collective bargaining-agreement between it and her union,[1] and that such union breached its duty of fair-representation by refusing to take her grievance to arbitration. The union and its president, the defendant herein Mr. Moore, moved for a dismissal of this action or, in the alternative, for a summary judgment. Rules 11, 12(b), 56(b), F.R.Civ.P.

## I.

■ As grounds for their motion, the moving defendants point first to several alleged deficiencies in the process that was served upon them by the plaintiff. *See* Rule 12(b)(4), (5), F.R.Civ.P. The plaintiff recognizes those deficiencies and proposes to correct them by serving amended process. The Court agrees that the plaintiff should be allowed to amend her process, and that such is preferable to a dismissal. *See* Rule 4(h), F.R.Civ.P.; *Vega Matta v. Alvarez de Choudens*, 440 F.Supp. 246, 248 (D. Puerto Rico, 1977). " * * * The basic purpose of the Federal Rules is to administer justice through fair trials, not through summary dismissals as necessary as they may be on occasion. * * * " *Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 373, 86 S.Ct. 845, 851 [4], 15 L.Ed.2d 807 (1966).

## II.

■ The movants contend also that this action is barred by the period of limitation of six months contained in the National Labor Relations Act, § 10(b), 29 U.S.C. § 160(b).[2] They urge that the running of such period was not tolled by the filing of the complaint herein because the plaintiff purposely avoided having the defendants served with process until nearly six months afterward. Whatever may be the effect in diversity of citizenship cases of the rule advanced by the movants, *see Walker v. Armco Steel. Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980), it has no application where, as here, the action arises under federal law [3] and the controlling peri-

---

**1.** The complaint does not specify the provision of the collective bargaining-agreement claimed to have been breached; the thrust of the plaintiff's claim is that she was, in effect, discharged by her employer when it forced her to sign documents requesting her retirement. Art. XVII, § 1, of the collective bargaining agreement permits the employer to discharge any employee "for just cause." § 2 of that article requires the employer to reinstate any employee who has been discharged "without just cause."

**2.** This period of limitation governs actions brought under § 301, *supra. DelCostello v. International Broth. of Teamsters*, —— U.S. ——, ——, 103 S.Ct. 2281, 2285, 76 L.Ed.2d 476 (1983).

**3.** Because of the preemptive force of § 301, *supra*, a suit of this nature arises necessarily under federal law and " * * * is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of § 301. * * * " *Franchise Tax Bd. v. Const. Laborers Vac. Trust*, —— U.S. ——, ——,

od of limitations is established by federal statute. *United States v. Wahl*, 583 F.2d 285, 289 (6th Cir.1978). Here, the filing of the complaint in accordance with Rule 3, F.R.Civ.P., was " * * * sufficient to interrupt the running of [the] federal statute of limitations. * * * " *Id.*, 583 F.2d at 287 [1]; *see Ringrose v. Engelberg Huller Co., Inc.*, 692 F.2d 403, 405 [2] (6th Cir.1982) ("under the federal rules, the filing of a complaint against a party stops the running of the statute of limitations as to the claim against that party").

### III.

■ A dismissal is sought in addition on the ground that the complaint is sham and false under the provisions of Rule 11, F.R. Civ.P.[4] The standard for the imposition of sanctions under Rule 11 is bad-faith, *Nemeroff v. Ableson*, 620 F.2d 339, 350 [7] (2d Cir.1980); and the dismissal of an action under such rule must be predicated on a finding of subjective bad-faith in bringing the action, *Solargen Elec. Motor Car. Corp. v. Am. Motors Corp.*, 530 F.Supp. 22, 23, n. 1 (S.D.N.Y.1981). Such a motion should not be granted unless the moving-party has been severely prejudiced or misled. *McCorstin v. U.S. Dept. of Labor*, 630 F.2d 242, 244, n. 6 [2] (5th Cir.1980).

The Court is certainly concerned that the plaintiff would commence this action without any intent to cause service-of-process to be made upon the defendants; a lawsuit " * * * is a serious matter; there is no room for games of hide and seek. * * * " *Standard Alliance Inc. v. Black Clawson Co.*, 587 F.2d 813, 827 (6th Cir.1978). A judicial proceeding " * * * is not a 'game'. * * * " *Morris v. Slappy*, —— U.S. ——, ——, 103 S.Ct. 1610, 1618, 75 L.Ed.2d 610 (1983).

103 S.Ct. 2841, 2853–2854, 77 L.Ed.2d 420 (1983).

4. " * * * The signature of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for

On the record before it, this Court finds no indication that the plaintiff commenced this action in bad-faith: It is not suggested that the plaintiff lacked a reasonable foundation for bringing suit or that the defendants have been prejudiced by any delay in the necessary service-of-process. The plaintiff appears genuinely interested now in proceeding with this matter and, under all these circumstances, the Court feels that its invocation of Rule 11 would not be appropriate.

### IV.

■ The union states correctly that the plaintiff could not recover punitive damages from it; that claim must be dismissed. *International Bro. of Electrical Wkrs. v. Foust*, 442 U.S. 42, 52, 99 S.Ct. 2121, 2128 [6], 60 L.Ed.2d 698 (1979).

### V.

■ Finally, it is clear that the plaintiff has not stated a claim against the individual defendant Mr. Moore upon which relief could be granted against him personally. Mr. Moore's name appears in the title of the complaint as a defendant and he is identified in the body of the complaint as the president and agent of the defendant-union. The complaint, however, does not allege that Mr. Moore committed any act or was guilty of any omission and, significantly, no relief is sought against him. " * * * If no relief is requested against [a defendant], he should be dismissed. * * * " *Benton v. Rhodes*, 586 F.2d 1, 4 (6th Cir. 1978), *cert. den.*, 440 U.S. 973, 99 S.Ct. 1539, 59 L.Ed.2d 791 (1979).

It results: (1) that the motion of the plaintiff for leave to serve amended process hereby is GRANTED; (2) that the claim of the plaintiff for punitive damages against the defendant-union hereby is DIS-

delay. If a pleading is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the pleading had not been served. " * * * " Rule 11, F.R.Civ.P., *supra*.

MISSED for its failure to state a claim upon which relief can be granted; (3) that the claim of the plaintiff against the defendant Mr. Moore hereby is DISMISSED for the failure to state a claim upon which relief can be granted; and (4) that, in all other respects, the motion of those defendants hereby is

DENIED.