No. 84–1427. SIMON *v.* KROGER CO. ET AL. C. A. 11th Cir. Certiorari denied.

JUSTICE WHITE, with whom JUSTICE BRENNAN and JUSTICE MARSHALL join, dissenting.

Section 10(b) of the National Labor Relations Act limits the time for filing an unfair labor practice charge with the National

Labor Relations Board. It provides that "no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board and the service of a copy thereof upon the person against whom such charge is made." 29 U. S. C. § 160(b). The plain words require that a charge be both filed *and* served within six months of the challenged conduct, and such has long been the Board's interpretation. See, *e. g., Old Colony Box Co.*, 81 N. L. R. B. 1025, 1027 (1949). Service may be accomplished merely by mailing a copy of the charge. See 29 CFR § 102.113(a) (1984).

In *DelCostello* v. *Teamsters*, 462 U. S. 151 (1983), we held that § 10(b) governs an employee's suit against his employer for breach of contract and his union for breach of its duty of fair representation. We did not discuss whether that section's requirement of service, as well as filing, within the 6-month period also applies in such a suit. That is the question raised in this petition.

The Kroger Co. (Kroger) discharged petitioner on February 18, 1982. Grievance procedures were unsuccessful, and on July 6, 1982, the union notified petitioner that it would not proceed to arbitration. The following January 3, just within the 6-month period, petitioner filed this § 301 action in Federal District Court. See 29 U. S. C. § 185. On January 12, after the 6-month period had run, he served a copy of the complaint on Kroger; and on January 25 he served the union. Applying *DelCostello*, and relying on the plain words of § 10(b), the District Court granted both defendants' motions for summary judgment on the ground that the action was time-barred. It also found that petitioner had not filed a timely response to Kroger's motion for summary judgment and that under a local rule he would be deemed not to oppose it.

The Court of Appeals for the Eleventh Circuit affirmed. 743 F. 2d 1544 (1984). Referring to the "intent, spirit, and plain language of section 10(b)," it held that a § 301 complaint must be both filed and served within the 6-month period. *Id.*, at 1546. It also found that the District Court had properly applied its local rule in treating Kroger's motion for summary judgment as unopposed.

The lower courts agree that a suit in federal court on a federal cause of action is commenced, and the statute of limitations tolled, upon the filing of the complaint. See, *e. g., Hobson* v. *Wilson*, 237 U. S. App. D. C. 219, 262, 737 F. 2d 1, 44 (1984); Fed. Rule Civ. Proc. 3; 2 J. Moore & J. Lucas, Moore's Federal Practice

¶ 3.07[4.–3–2] (1984). While the time for service of process is not open-ended, see Fed. Rules Civ. Proc. 4(a), 4(j), it need not occur within the limitations period. Ordinary federal practice thus conflicts with the specific terms of this borrowed statute of limitations. In light of this inconsistency, the brevity of the limitations period, and the fact that § 10(b) was not intended to apply to judicial proceedings, the result below is not obviously correct. In practical effect, the Eleventh Circuit's ruling shortens the 6-month period by the amount of time necessary to effect service under the Federal Rules. Section 10(b) does not have a similar impact in administrative proceedings, in which service is accomplished merely by placing a copy of the charge in the mail. Compare Fed. Rule Civ. Proc. 4 with 29 CFR § 102.113(a) (1984).

This issue has come before the Eleventh Circuit more than once, see *Howard* v. *Lockheed-Georgia Co.*, 742 F. 2d 612 (1984), and it may be expected to recur. At least one District Court in another Circuit has reached the contrary conclusion. See *Williams* v. *E. I. du Pont de Nemours Co.*, 581 F. Supp. 791 (MD Tenn. 1983). A panel of the Sixth Circuit held that a complaint filed at the 5-month, 27-day mark was timely, without pausing to consider whether the defendants had been served within the subsequent 4 days. *Smith* v. *General Motors Corp.*, 747 F. 2d 372 (1984).

This problem is a necessary corollary to the decision in *DelCostello*. It is worth settling quickly and dispositively. I would therefore grant the petition and set the case for oral argument.*

---

*The decision below also rests on petitioner's failure to respond to Kroger's motion for summary judgment. However, this ruling applies only to Kroger; the judgment in favor of the union rests solely on the statute of limitations holding. In any event, the presence of an alternative holding does not reduce the precedential effect of the § 10(b) holding or make it any less the authoritative judgment of the Court of Appeals. See *Richmond Co.* v. *United States*, 275 U. S. 331, 340 (1928); *Union Pacific R. Co.* v. *Mason City & Fort Dodge R. Co.*, 199 U. S. 160, 166 (1905).