**In re Ernest and Louise BOWDEN.**

**Bankruptcy No. 91–43223 S.**

United States Bankruptcy Court,
E.D. Arkansas, W.D.

March 12, 1992.

John D. Garnett, Little Rock, Ark., for debtors.

A.L. Tenney, Chapter 13 Trustee.

### ORDER DENYING MOTION TO REINSTATE CASE

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the debtors' motion to reinstate case. The debtors' Chapter 13 Petition in bankruptcy was filed on December 31, 1991, at which time the debtors failed to file all of the required documents. Accordingly, on January 7, 1992, an order was entered requiring the debtors to file their documents within fifteen days of entry of the Order. On January 13, 1992, the debtors filed a motion for extension of time to file the plan, which motion was granted. The plan was due to be filed on or before February 14, 1992. On February 20, 1992, this cause was dismissed for failure to file the appropriate documents. On February 27, 1992, the debtors filed the instant motion to reinstate case.

The Court presumes that this motion is made pursuant to Rule 9024, Federal Rules of Bankruptcy Procedure and Rule 60, Federal Rules of Civil Procedure. It appears that the debtors seek relief under Rule 60(b)(1) on the grounds of excusable neglect. The sole reason stated for failing to file the plan within the time ordered by the Court was that the attorney's caseload is extremely heavy. A heavy case load does not constitute excusable neglect. *Andrews v. Time, Inc.*, 690 F.Supp. 362, 365 (E.D.Pa.1988); *Vega Matta v. Alvarez de Choudens*, 440 F.Supp. 246, 249 (D. Puerto Rico 1977), *aff'd*, 577 F.2d 722 (1st Cir. 1978); *see Cavalier Label Co. Inc. v. S.S. Lilika*, 71 F.R.D. 395 (S.D.N.Y.1976). It is considered an abuse of discretion to set aside an order on the basis of attorney neglect. *See Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir.), *reh'g denied*, 920 F.2d 259 (5th Cir.1990).

In the instant case, the neglect of the attorney was also a failure to comply with the Court's Order directing the filing be made within a time certain. While the attorney's case load may provide cause for a timely motion for an extension of time, the heavy case load does not constitute excusable neglect. *Vega Matta*, 440 F.Supp. at 249. No motion was filed requesting a further extension of time; no grounds have been stated for relief from the Court's Order of dismissal. Accordingly, it is

ORDERED that the Motion to Reinstate Case is DENIED.

IT IS SO ORDERED.