UNITED STATES of America for the Use and Benefit of ELECTRIC MACHINERY ENTERPRISES OF PUERTO RICO, INC., Plaintiff,

v.

FRAYA, S.E., and Continental Insurance Company, Defendant.

Civil No. 96–1560 (JP).

United States District Court,
D. Puerto Rico.

Feb. 10, 1997.

---

Jorge Bermúdez Torregrosa, Cuevas Kuinlam & Bermúdez, Hato Rey, P.R., for Plaintiff.

Rafael Yulian Omar, Hato Rey, P.R., for Defendant Fraya, S.E.

Ivette Berríos, San Juan, P.R., for Defendant Continental.

### OPINION AND ORDER

PIERAS, District Judge.

## I. INTRODUCTION

Currently before the Court is plaintiff's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) (**docket No. 35**). Defendant Continental had not opposed the motion. We briefly summarize the procedural history that gave rise to this motion.

Plaintiff filed this action to recover money allegedly owed to it by codefendants Fraya, S.E. ("Fraya") and Continental Insurance Company ("Continental"). Fraya, as general contractor, was awarded a project by the United States Navy for work involving certain emergency generators at Sabana Seca, Puerto Rico. As required by law, Fraya posted a payment and performance bond issued by Continental. Plaintiff asserts a cause of action against Fraya for breach of contract and against Continental under the Miller Act, 40 U.S.C.A. §§ 270a–270f (1986). Fraya counterclaimed against plaintiff on the contract dispute.

Defendant Continental moved for summary judgment on the ground that it was not liable under the bond since plaintiff failed to sue within the one-year time frame mandated by 40 U.S.C.A. § 270b(b). Plaintiff failed to oppose the motion for summary judgment and the Court adjudicated the motion unopposed, granting Continental's motion for summary judgment in an Opinion and Order dated December 10, 1996. In the same Opinion and Order, the Court declined to exercise supplemental jurisdiction over the contract dispute. In a Judgment of even date, the Court dismissed plaintiff's claim against Continental with prejudice and plaintiff's claim against Fraya, as well as Fraya's counterclaim, without prejudice.

Plaintiff now moves the Court to relieve it from this Judgment. Plaintiff bases its request on Rule 60(b)(1) and (6). Plaintiff asserts that its failure to file a timely opposition to the motion for summary judgment, or to move for an extension of time, was inadvertent or excusable neglect under Rule 60(b)(1). Alternately, it asserts that the Judgment should be vacated pursuant to Rule 60(b)(6).

## II. RULE 60(b) STANDARD

Rule 60(b) states that a court may relieve a party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... (6) any other reason justifying relief from the operation of the judgment. Fed.R.Civ.P. 60(b). Rule 60(b) seeks to balance the importance of finality against the desirability of resolving disputes on the merits. *Cotto v. United States,* 993 F.2d 274, 277 (1st Cir.1993). "Excusable neglect calls for circumstances that are unique or extraordinary." *Spound v. Mohasco Indus., Inc.,* 534 F.2d 404, 411 (1st Cir.1976) (defining "excusable neglect" in the context of F.R.A.P. 4(a)). Relief under subsection (6) is appropriate only when none of the first five subsections pertain and only in exceptional circumstances. *Cotto,* 993 F.2d at 278.

## III. DISCUSSION AND ANALYSIS

Defendant Continental moved for summary judgment on November 18, 1996. According to its certification, which plaintiff does not dispute, it served plaintiff with a copy of its motion by mail on November 18, 1996. In accordance with Federal Rule of Civil Procedure 5(b), service by mail is complete upon mailing. Local Rule 311.5 states that a party has ten days after service of a motion to file a response. Federal Rule of Civil Procedure 6 governs the computation of any period of time prescribed by the local rules of a district court. Subsection (e) states that an additional three days shall be added to a prescribed time period if service is by mail. Given this 13–day period, plaintiff's opposition was due on December 1, 1996. However, Federal Rule of Civil Proce-

dure 6(a) provides that where the last day falls on a Sunday, the period runs until the end of the next day on which the Court is open. Accordingly, plaintiff's opposition was due on December 2, 1996. Plaintiff moved for an extension of time to oppose the motion for summary judgment on December 6, 1996, although this motion was not docketed until after the Court had signed the Opinion and Order granting the motion for summary judgment.

Plaintiff advances several grounds for setting aside the judgment. First, counsel for plaintiff asserts that he drafted the motion requesting an enlargement of time to oppose the motion for summary judgment on December 2, and signed it on December 3. However, due to the rigors of a very important three-day trial due to commence on December 9, and due to the heavy volume of printed work generated by the impending trial, his secretary did not file the motion until December 6. It does not appear that any personnel action was taken against the secretary who incurred in such serious negligence as evidenced by this incident. Plaintiff claims that this delay in requesting the extension was minimal and that Continental's substantive rights will not be prejudiced, nor the Court's orderly administration of justice set back, by allowing plaintiff to express its position regarding the motion for summary judgment.

■ Plaintiff asserts that its delay in seeking an extension to oppose the motion for summary judgment was excusable neglect under Rule 60(b)(1). We disagree. The ability to manage multiple cases simultaneously, to comply with numerous filing dates, and to manage a secretarial and administrative staff in accordance with good personnel practices, is key to exercising the profession of attorney. An impending trial at a law firm with three named partners should not result in the neglect of other ongoing cases. The First Circuit, in holding that the district court erred in granting leave to file a late notice of appeal based on its finding of excusable neglect, had this to say about the busy schedules of lawyers:

> The alleged excusable neglect was that appellants' counsel was busy for a two months' period negotiating a collective bargaining agreement. We do not consider the fact that an attorney is busy on other matters to fall within the definition of excusable neglect. Most attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling or suffer the consequences. Filing a notice of appeal does not require much time or deliberation.

*Piñero Schroeder v. Fed. Nat'l Mortgage Assoc.,* 574 F.2d 1117, 1118 (1st Cir.1978).

■ We are not dealing with a four-day delay in filing an opposition to the motion for summary judgment, but rather a four-day delay in moving for an extension of time. With the benefits of word processing, a form request for extension of time can be edited to fit the case at hand in a matter of minutes. Nor does counsel's mistaken belief that his secretary had filed the motion on December 3 excuse him. *Airline Pilots in the Serv. of Executive Airlines, Inc.,* 569 F.2d 1174, 1175 (1st Cir.1978) (fact that attorney's secretary noted incorrect deadline for appeal did not excuse attorney's failure to file timely notice of appeal). Counsel certainly had control over, and was responsible for, the performance of his employee.

The Seventh Circuit affirmed dismissal of a complaint for failure to comply with a non-jurisdictional deadline in *United States v. Golden Elevator, Inc.,* 27 F.3d 301 (1994). After several failures to comply with orders, the Court order the United States to file an amended complaint by April 2, warning that failure to do so would result in dismissal of the case. As promised, the judge dismissed the case with prejudice on April 7. The government moved for relief from the judgment on April 12, pursuant to Rule 60(b)(1). The supervisory attorney who presented the motion indicated that an inexperienced Assistant United States Attorney had missed the deadline but urged that the subordinate's omissions be excused. The Seventh Circuit affirmed the district court's denial of the motion, holding that dismissal of the complaint was an appropriate sanction given the circumstances. We concur with the Seventh Circuit's observation that "[i]gnoring dead-

lines is the surest way to lose a case. Time limits coordinate and expedite a complex process; they pervade the legal system, starting with the statute of limitations. Extended disregard of time limits (even the non-jurisdictional kind) is ruinous." *Id.* at 302.

Likewise, the United States District Court for the District of Maine declined to grant relief pursuant to Rule 60(b) after entering summary judgment in favor of the defendant pursuant to a local rule that permitted the Clerk of the Court to grant such motions by endorsement if no objection was filed within ten days. *McDermott v. Lehman*, 594 F.Supp. 1315 (1984). Plaintiff's counsel filed an objection to the motion for summary judgment one day after it was granted by endorsement and a motion for relief from judgment the day thereafter. Plaintiff's counsel asserted that the omission was due to excusable neglect caused by the pressure of his schedule in other tribunals. The district court stated:

> The issue, once again, is whether "a mere palpable mistake by counsel" or by counsel's staff constitutes "excusable neglect" under Rule 60(b)(2).... The mere fact that an attorney is busy with other matters does not excuse a neglect on his part for the purposes of Rule 60(b). No aspect of counsel's explanation for the neglect constitutes the "unique or extraordinary" circumstances that renders counsel's neglect "excusable."

*Id.* at 1319 (citations and footnote omitted).

■ Furthermore, plaintiff's failure to oppose the motion for summary judgment, or to request an extension of time, has affected this Court's orderly administration of justice. This Court studied the motion for summary judgment without the benefit of arguments in opposition, examined the record, conducted legal research and wrote a seven-page opinion and order disposing of the motion. Obviously, plaintiff believes the Court's determination of the motion will be different if it is allowed to file its opposition, otherwise the present motion for relief from judgment would be futile. Therefore, granting of plaintiff's motion would require the Court to engage in this process a second time, in order to evaluate plaintiff's arguments. Clearly, such a waste of judicial resources has an effect on the orderly administration of justice.

■ Plaintiff also argues that Continental's motion for summary judgment was not complete until it filed certified translations of the documents in support thereof on December 9, and therefore plaintiff's motion requesting an extension of time was not tardy. Although Local Rule 108.1 requires that any document filed with this Court in a language other than English be accompanied by a certified translation, it does not state—nor does plaintiff point to any case law so holding—that a motion for summary judgment is not considered filed until such translations are provided. More importantly, plaintiff does not suggest that failure to provide translations hindered its ability to oppose the motion for summary judgment. Indeed, it cannot so suggest since the three untranslated exhibits were demand letters plaintiff's counsel had written on behalf of his client. Plaintiff can hardly assert that it did not understand the nature of Continental's motion for summary judgment because of Continental's failure to translate the exhibits. If such were the case, the Court might be more receptive to plaintiff's arguments. Absent such a showing, plaintiff's arguments raise unimportant technicalities. Clearly, plaintiff's attorney is bilingual and defendant's delay in providing the translations did not hinder his ability to oppose the motion for summary judgment.

■ Plaintiff also alleges that the Judgment should be vacated pursuant to Rule 60(b)(6) because there was a delay in the docketing of its motion for an extension of time. Plaintiff claims that it is likely that the Court would have granted the motion for extension of time had it received it prior to deciding the motion for summary judgment. This delay does not present the kind of exceptional circumstances that warrant relief under Rule 60(b)(6). Had plaintiff moved for an extension of time on or before December 2, 1996—as required by the rules—the Court would have received the motion for extension of time prior to adjudicating the motion for summary judgment. Plaintiff has only itself to blame for any delay.

## IV. CONCLUSION

Plaintiff has failed to show that its failure to oppose the motion for summary judgment by December 2—or to move for an extension of time by that date—warrants relief under Rule 60(b). Accordingly, plaintiff's motion for relief from judgment is hereby **DENIED.**

IT IS SO ORDERED.