Milady JIMÉNEZ, Plaintiff

v.

AMGEN MANUFACTURING LTD., et al., Defendants.

Civil No. 09–1596 (JA).

United States District Court, D. Puerto Rico.

March 18, 2010.

prerequisites for diversity jurisdiction." (citing *BEM I, L.L.C. v. Anthropologie, Inc.,* 301 F.3d 548, 553 (7th Cir.2002)).

Amauri D. Padilla–Garcia, Nicolas No-
gueras–Cartagena, Nicolas Nogueras Law
Offices, San Juan, PR, for Plaintiff.

Carl E. Schuster, Mariela Rexach–Rex-
ach, Zahira Diaz–Vazquez, Schuster &
Aguilo LLP, San Juan, PR, PHV Christine
C. Kommer, PHV Joel H. Spitz, PHV Mi-
chael R. Phillips, McGuirewoods LLP, Chi-
cago, IL, for Defendants.

## OPINION AND ORDER

JUSTO ARENAS, United States Chief
Magistrate Judge.

This matter is before the court on mo-
tion for reconsideration of an order grant-
ing attorney's fees filed by plaintiff, Milady
Jiménez, on February 22, 2010. (Docket
No. 41.) On March 8, 2010, the defendant,
Amgen Manufacturing Ltd., filed a motion
in opposition. (Docket No. 44.) For the
reasons set forth below, plaintiff's motion
is DENIED.

## I. BACKGROUND

On November 24, 2009, the defendant
filed a motion to compel plaintiff to re-
spond to its request for production of doc-
uments. (Docket Nos. 28 & 29.) On De-
cember 14, 2009, the court granted the
defendant's motion. (Docket No. 30.)
The documents requested by the defen-
dant were produced by plaintiff on Decem-
ber 31, 2009. (Docket No. 44, at 2.) On
January 19, 2010, the defendant filed a
motion for attorney's fees. (Docket Nos.
38 & 39.) The defendant's motion was
granted by the court on February 10, 2010.
(Docket No. 40.)

On February 22, 2010, plaintiff filed a
motion requesting the court to reconsider
the order granting attorney's fees. (Dock-
et No. 41.) Plaintiff argues that her attor-
ney's case load gave him little time to
adequately address the defendant's re-
quest for production of documents. (*Id.* at
1, ¶ 2.) She claims that if the defendant
"had ... not filed a motion to compel or
had such a motion not been granted [her
attorney] would have still answered the
discovery request as was done." (*Id.* at 2,
¶ 5.) Plaintiff argues that despite her attor-
ney's delay in responding to the discovery
request the defendant did not suffer any
prejudice. (*Id.*) Plaintiff also contends
that the amount awarded in attorney's fees
was excessive and unwarranted. (*Id.* at 2–
3, ¶ 6.)

On March 8, 2010, the defendant re-
sponded to plaintiff's motion. (Docket No.
44.) The defendant argues that plaintiff's
motion was "improperly filed, untimely,
and does not provide any basis upon which
this [c]ourt should overturn its previous
[o]rder." (*Id.* at 1.) The defendant states
that plaintiff counsel's excuse for not being
able to timely attend this case "does not
justify [his] conduct and does not create
ground for reconsideration" under Rule
59(e) or Rule 60 of the Federal Rules of
Civil Procedure. (*Id.*) Finally, the defen-
dant claims that plaintiff's argument that
the court's award of attorney's fees was
excessive is unavailing because she does
not cite any authority to support the argu-
ment. (*Id.* at 6.)

## II. STANDARD OF REVIEW

Rule 59(e) of the Federal Rules of
Civil Procedure allows a court to alter or
amend the judgment if a motion to do so is
filed no later than ten days after the origi-
nal judgment is entered. *Jahagirdar v.
United States*, 653 F.Supp.2d 125, 127–28

(D.Mass.2009). In seeking reconsideration under Rule 59(e) "the moving party [must] present newly discovered evidence, [show that] there has been an intervening change in the law, or . . . that the original decision was based on a manifest error of law or was clearly unjust." *United States v. Allen*, 573 F.3d 42, 53 (1st Cir.2009) (citing *Marie v. Allied Home Mortgage Corp.*, 402 F.3d 1, 7 n. 2 (1st Cir.2005)). In addition, reconsideration may be appropriate "if the court 'has patently misunderstood a party . . . or has made an error not of reasoning but apprehension.'" *Ruiz Rivera v. Pfizer Pharms., LLC*, 521 F.3d 76, 82 (1st Cir.2008) (citations omitted).

On the other hand, if a motion for reconsideration is not filed within ten days the court will treat it as a motion under Rule 60(b) of the Federal Rules of Civil Procedure. *Pérez–Pérez v. Popular Leasing Rental, Inc.*, 993 F.2d 281, 284 (1st Cir. 1993). Rule 60(b) allows the court to relieve a party from a final judgment, order, or proceeding under any of the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence . . .;

(3) fraud . . ., misrepresentation, or misconduct by an opposing party;

(4) "the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief. Fed.R.Civ.P. 60(b).

It is important to point out that motions under Rule 59(e) and Rule 60(b) are not to be used by a losing party who failed to raise available arguments or who simply disagrees with a court's decision. *Villanueva–Méndez v. Nieves–Vázquez*, 360 F.Supp.2d 320, 323 (D.P.R.2005) (quoting *Nat'l Metal Finishing Co. v. BarclaysAm./Commercial, Inc.*, 899 F.2d 119, 123 (1st Cir.1990)).

### III.  ANALYSIS

Since plaintiff did not file her motion for reconsideration within ten days, the court will treat it as a motion under Rule 60(b). Consequently, "[t]he court [is] left to divine the bases [of] plaintiff's motion under this rule." *Corretjer Farinacci v. Picayo*, 149 F.R.D. 435, 437–38 (D.P.R.1993). Plaintiff argues that because of her attorney's case load she should be relieved of the court's order awarding attorney's fees to the defendant. It is clear that plaintiff's argument does not fall within the scope of subsections 2 through 6 of Rule 60(b). Only subsection 1 of Rule 60(b) seems to encompass plaintiff's argument.

It has been held that a party who seeks relief from a judgment or order on the basis of excusable neglect pursuant to Rule 60(b)(1) "must offer a convincing explanation as to why the neglect was excusable." *Cintrón–Lorenzo v. Departamento de Asuntos del Consumidor*, 312 F.3d 522, 527 (1st Cir.2002) (citing *Graphic Comm'ns Int'l Union v. Quebecor Printing Prov., Inc.*, 270 F.3d 1, 5 (1st Cir. 2001); *Hosp. del Maestro v. NLRB*, 263 F.3d 173, 175 (1st Cir.2001) (per curiam)). In this case, plaintiff has failed to offer such an explanation. As the defendant points out, courts have held that an attorney's case load does not constitute excusable neglect. *de la Torre v. Cont'l Ins. Co.*, 15 F.3d 12, 15 (1st Cir.1994); *Vega Matta v. Álvarez de Choudens*, 440 F.Supp. 246, 249 (D.P.R.1977) (holding that a heavy load of cases does not constitute excusable neglect), *cited in Andrews v. Time, Inc.*, 690 F.Supp. 362, 365 (E.D.Pa.1988); *Piñero Schroeder v. Fed. Nat'l Mortgage Ass'n*, 574 F.2d 1117, 1118 (1st Cir.1978); *United*

*States of America for the Use & Benefit of Elec. Mach. Enter. of P.R., Inc. v. Fraya, S.E.,* 170 F.R.D. 346, 349 (D.P.R.1997) ("The ability to manage multiple cases simultaneously ... is key to exercising the profession of attorney.") Therefore, plaintiff's motion must be denied since she has presented no grounds upon which the court should reverse its initial decision.

As to plaintiff's claim that the attorney's fees awarded were excessive, the court finds that they were not. If the court grants a party's motion to compel discovery under Rule 37(a)(1), the court must award the moving party reasonable costs associated with filing the motion, including attorney's fees, unless it can be shown that (1) the moving party filed the motion before attempting in good faith to obtain the discovery without court intervention, (2) the opposing party's failure to disclose was substantially justified, or (3) other circumstances make an award of expenses unjust. *Cabana v. Forcier,* 200 F.R.D. 9, 17 (D.Mass.2001); *see* Fed.R.Civ.P. 37(a)(5). Other than claiming that the attorney's fees awarded were excessive, plaintiff has cited no authority or offered any reason to support her contention.

First, plaintiff by her own admission stated that the defendant correctly recounted in its motion to compel the communications that took place with her attorney before the court's intervention was sought to solve the discovery dispute. (Docket No. 41, at 1, ¶ 2.) Second, the defendant's motions to compel and request for attorney's fees were unopposed by plaintiff. By failing to oppose, plaintiff lost the opportunity to explain to the court that her reason for not responding to the defendant's discovery request was substantially justified and that the fees requested were unreasonable. As a result, the court granted both of the defendant's motions. Despite of this, plaintiff had an opportunity to show in her motion for reconsideration that the attorney's fees awarded to the defendant were excessive, however she failed to do so. Plaintiff merely relied on a conclusory statement. Thus, since there is no reason to believe that the attorney's fees awarded were either unjustified or unreasonable, the court's order will stand.

## IV. CONCLUSION

For the reasons set forth above, plaintiff's motion for reconsideration is hereby DENIED.