Mayra **ROSARIO RIVERA,** Plaintiff,

v.

**PS GROUP OF PUERTO RICO, INC., Defendant.**

No. CIV. 98–2000(HL).

United States District Court, D. Puerto Rico.

Jan. 30, 2002.

---

Frank D. Inserni–Milam, San Juan, PR, Bruce J. McGiverin, Hato Rey, PR, for Mayra Rosario Rivera.

Mayra Rosario Riveria, Guaynabo, PR, pro se.

Pablo Landrau–Pirazzi, Hato Rey, PR, Eliezer Aldarondo–Ortiz, Aldarondo & Lopez Bros, Hato Rey, PR, Roberto A. Fernandez–Quiles, Lespier & Munoz Noya, San Juan, PR, for Aqueduct and Sewer Authority of PR, Jose Ivan Colon, Benjamin Pomales.

Pablo Landrau–Pirazzi, Hato Rey, PR, Grisselle Gonzalez–Negron, Dept. of Justice of PR, Fed. Lit. Div., San Juan, PR, for Perfecto Ocasio, Jose E. Nieves.

Pedro J. Manzano–Yates, Fiddler, Gonzalez & Rodriguez, San Juan, PR, for Professional Services Group of P.R., Inc., Puerto Rico Services Group Corp.

## OPINION AND ORDER

LAFFITTE, Chief Judge.

Before the Court are Plaintiff's two motions for reconsideration and a response to the Court's order to show cause. Plaintiff moves for reconsideration of the Court's two opinions and order granting the motion for summary judgment filed by Defendant PS Group of Puerto Rico, Inc. ("PSG") and the motion for summary judgment filed by Defendant Puerto Rico Aqueduct and Sewers Authority ("PRASA") and various PRASA officials (collectively, "PRASA"). Plaintiff claimed to be the victim of religious discrimination and invoked Title VII of the Civil Rights Act of 1964,[1] section 1983,[2] the Puerto Rico Constitution, Puerto Rico's employment discrimination law,[3] and the negligence provision of the Puerto Rico Civil Code.[4] In its opinions the Court found that the evidence was insufficient to create a genuine issue of fact as to her claims of discrimination and dismissed all her claims against PRASA. The Court also dismissed the Title VII claims against PSG. Because PSG did not discuss the section 1983 claims against it, they remained pending. In its opinion ruling on PSG's motion, the Court ordered Plaintiff to show cause why her section 1983 claim against PSG should not also be dismissed.[5]

### 1. The motions for reconsideration

■ A motion for reconsideration of an order which has granted summary judgment should be treated as a Rule 59(e) motion. *United States v. Podolsky,* 158 F.3d 12, 16 (1st Cir.1998); *Vargas v. Gonzalez,* 975 F.2d 916, 917 (1st Cir.1992);

*Feinstein v. Moses,* 951 F.2d 16, 19 n. 3 (1st Cir.1991); *Appeal of Sun Pipe Line Co.,* 831 F.2d 22, 24 (1st Cir.1987); *see also Standard Quimica De Venezuela v. Central Hispano,* 189 F.R.D. 202, 204–05 (D.P.R.1999). A party may invoke Rule 59(e) and ask a court to amend its judgment based on newly discovered material evidence or because the court committed a manifest error of law or fact. *Aybar v. Crispin–Reyes,* 118 F.3d 10, 16 (1st Cir. 1997) (quoting *Moro v. Shell Oil Co.,* 91 F.3d 872, 876 (7th Cir.1996)); *Nat'l Metal Finishing Co. v. BarclaysAmerican,* 899 F.2d 119, 124 & n. 2 (1st Cir.1990). Additionally, the movant may seek to amend the judgment based on an intervening change in the law. *Hayes v. Douglas Dynamics, Inc.,* 8 F.3d 88, 90–91 n. 3 (1st Cir.1993); *BarclaysAmerican,* 899 F.2d at 124 n. 2. Rule 59 may not be used to present arguments or evidence which could have and should have been presented before judgment was entered, but were not. *Aybar,* 118 F.3d at 16; *F.D.I.C. v. World University Inc.,* 978 F.2d 10, 16 (1st Cir.1992).

■ In the present case, Plaintiff's motion for reconsideration consists of arguments and evidence which could have and should have been presented before the Court ruled on the motions for summary judgment. Accordingly, the motions are denied. The Court does address below a number of points that Plaintiff has raised in her motions.

First, Plaintiff has submitted in support of her motions a CD–ROM, which she claims supports her claims. She has not shown, however, why this evidence could

---

1. 42 U.S.C.A. §§ 2000e—2000e–17 (West 1994 & Supp.2001).

2. 42 U.S.C.A. § 1983 (West Supp.2001).

3. 29 P.R. LAWS ANN. §§ 146—151 (1995 & Supp.1998).

4. 31 P.R. LAWS ANN. § 5141 (1991).

5. Docket nos. 79, 80, & 81.

not have been submitted earlier. Thus, the Court need not consider it. *See Landrau–Romero v. Banco Popular De Puerto Rico*, 212 F.3d 607, 612 (1st Cir.2000) (Evidence previously available may not be submitted for the first time in a Rule 59(e) motion); *Aybar*, 118 F.3d at 16; *King v. Cooke*, 26 F.3d 720, 726 (7th Cir.1994); *Serrano–Perez v. FMC Corp.*, 985 F.2d 625, 628 (1st Cir.1993) (expert witness obtained beyond deadline excluded from case).

■ Second, Plaintiff complains of the evidence in the record that the Court considered. She asserts that the Court relied too heavily on her own answers to interrogatories of September 28, 1999,[6] and that the Plaintiff's omnibus statement of uncontested facts is sufficient to create a genuine issue of material fact as to Defendants' discriminatory animus. The Court disagrees. A review of the citations to the record contained in the Court's opinions shows that it did indeed consider more than the answers to interrogatories. The Court reviewed the *entire* record, including Plaintiff's statement of uncontested facts. Some of her statement of facts, however, contained allegations that were either conclusory or not based on personal knowledge. For example, Plaintiff alleged that Lydia Feliciano raised her voice against her because she (Plaintiff) was Christian.[7] She does not, however, explain how she knows what Feliciano's true motivation was for raising her voice. A statement submitted in opposition to a motion for summary judgment must be admissible in evidence and must be made on the witness's personal knowledge. Fed. R.Civ.P. 56(e); *Simas v. First Citizens'*

*Fed. Credit Union*, 170 F.3d 37, 50–51 (1st Cir.1999); *Casas Office Machines v. Mita Copystar America*, 42 F.3d 668, 682 (1st Cir.1994). As a second example, Plaintiff alleged that José Antonio Rivera Bauzó ("Rivera") knew of Plaintiff's religious values and "tried to destroy them in a discriminatory manner." [8] Again, she fails to explain how she knows that Rivera knew of her values and that he wanted to destroy them. A party opposing summary judgment is entitled to inferences which are fairly supported by the record, but she may not build her case solely on "opprobrious epithets of malice . . . or the gossamer threads of whimsey, speculation and conjecture." *Macone v. Town of Wakefield*, 277 F.3d 1, 5–6 (1st Cir.2002) (*quoting Creative Env'ts, Inc. v. Estabrook*, 680 F.2d 822, 830 (1st Cir.1982) (internal quotations omitted)). Thus, while the Court reviewed the entire record, it did not consider that evidence which would not be admissible.

■ Third, Plaintiff argues in her motion for reconsideration that the evidence in the record supports a claim of sex-based discrimination.[9] The Court acknowledged as much in its opinions. Plaintiff, however, did not make such allegations in her complaint. She claimed only that she was the victim of religious-based discrimination. The deadline for amending the complaint has long since passed,[10] and the Court will not consider these new claims introduced at this late stage of the proceedings. It is essential that a court's deadlines be followed in order to allow for the proper management of the court's caseload. *Torres–Rios v. LPS Laborato-*

---

6. Docket no. 55, exhibit 8.

7. Docket no. 63, Plaintiff's Omnibus Statement of Uncontested Facts # 104; docket no. 57, appendix at 68–69.

8. Docket no. 63, Plaintiff's Omnibus Statement of Uncontested Facts # 109; docket no. 57, appendix at 80.

9. Docket no. 83, at 21.

10. Docket no. 41.

*ries, Inc.*, 152 F.3d 11, 15–16 (1st Cir.1998) (Court properly denied motion to amend complaint filed ten months after the court's deadline for doing so had passed); *Rosario–Díaz v. González*, 140 F.3d 312, 315–16 (1st Cir.1998) (Court refused to consider motion for summary judgment filed eight weeks after scheduling order's deadline); *Serrano–Perez*, 985 F.2d at 628; *Thibeault v. Square D Co.*, 960 F.2d 239, 247 n. 7 (1st Cir.1992)("we heartily endorse the utilization of discovery closure dates . . . as a case management tool."); *Riofrio Anda v. Ralston Purina, Co.*, 959 F.2d 1149, 1154–55 (1st Cir.1992) (denial of motion to amend complaint because plaintiff moved to amend the complaint two months after deadline in the scheduling order had passed); *Barreto v. Citibank, N.A.*, 907 F.2d 15, 16 (1st Cir.1990) ("discovery orders, other pre-trial orders, and, indeed, all orders governing the management of a case are enforceable under pain of sanction for unjustifiable violation"); *Mendez v. Banco Popular de Puerto Rico*, 900 F.2d 4, 7 (1st Cir.1990) ("a district judge must often be firm in managing crowded dockets and demanding adherence to announced deadlines."). Accordingly, the Court will not allow Plaintiff to raise now for the first time in this case a claim based on sex-based discrimination.

Fourth, Plaintiff argues that the Court failed to consider the evidence as a whole and instead considered only the alleged instances of religious-based discrimination. The Court disagrees with this characterization of its analysis. In its opinions, the Court took pains to emphasize that it was considering *all* of the alleged harassment of which Plaintiff complained, including both conduct which could be characterized as merely unequal treatment as well as conduct which appeared to be tainted by discriminatory animus.[11]

■ Lastly, Plaintiff asks the Court to make findings of fact regarding her religious beliefs. A court ruling on a motion for summary judgment is not obligated to make findings of fact. *Grossman v. Berman*, 241 F.3d 65, 68 (1st Cir.2001). In this case, the evidence in the record does indicate that Plaintiff has devoutly religious beliefs. The Court declines Plaintiff's request for specific findings on this issue.

Based on all of the above and based on the reasoning in the Court's opinions and orders granting the motions for summary judgment, the Court denies Plaintiff's motions for reconsideration.

### 2. Response to the Court's order to show cause

■ The Court granted PSG's motion for summary judgment. However, because PSG did not discuss the section 1983 claims against it, they remained pending. In its opinion ruling on PSG's motion, the Court ordered Plaintiff to show cause why, based on the evidence in the record and based on the Court's rulings on the motions for summary judgment by PSG and PRASA (docket nos. 79 and 80, respectively), her section 1983 claim against PSG should not also be dismissed. In her response, Plaintiff has submitted a number of memoranda and correspondence between her and various PSG supervisors. These documents demonstrate that Plaintiff has had disputes with her supervisors regarding the exact nature of her work duties; the performance of these duties; the lack of work being assigned to her; and her desire to be transferred back to her old position as a budget analyst specialist.[12]

As discussed in the opinion and order ruling on PRASA's motion for summary

---

**11.** Docket no. 79, at 12–17; docket no. 80, at 12–16.

**12.** Docket no. 85, exhibits 1–22.

judgment, the Court treats this section 1983 claim as one alleging a violation of equal protection rights.[13] A claim under section 1983 has two essential elements: (1) the conduct complained of must have been committed under color of state law, and (2) the conduct must have worked a denial of rights that are protected by the Constitution or laws of the United States. *Martinez v. Colon*, 54 F.3d 980, 984 (1st Cir.1995). With regard to the first element, the Court will assume that PSG was a government agency acting under color of state law. The second element has two aspects: (i) there must have been a deprivation of federal rights and (ii) there must have been a causal connection between the conduct complained of and the deprivation of rights. *Gutierrez–Rodriguez v. Cartagena*, 882 F.2d 553, 559 (1st Cir.1989); *Voutour v. Vitale*, 761 F.2d 812, 819 (1st Cir.1985). A plaintiff claiming an equal protection violation must show that state actors intentionally discriminated against her. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 1074–75, 145 L.Ed.2d 1060 (2000); *Judge v. City of Lowell*, 160 F.3d 67, 75 (1st Cir.1998). The mere existence of disparate treatment will not be, by itself, a sufficient basis to support an inference of a discriminatory motive. *Judge*, 160 F.3d at 80. There must be a causal link between the defendant's conduct and the plaintiff's membership in a protected class. *Id.* at 76–77.

This pending claim is against PSG, not against its individual officials. A government entity may not be liable under section 1983 based on the respondeat superior doctrine. *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690–92, 98 S.Ct. 2018, 2036; 56 L.Ed.2d 611 (1978). Rather, liability will exist only if a custom or official policy of the entity caused the Plaintiff's deprivation of federal rights. *Id.; Fletcher v. Town of Clinton*, 196 F.3d 41, 55 (1st Cir.1999). A policy is established by the decisions of an official whose acts can fairly be said to be the acts of the entity and who has final authority to establish the entity's policy on the matter at issue. A custom is based on acts which, although they may not be formally approved by the authorized decisionmaker, are so widespread as to have the force of law. *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403–04, 117 S.Ct. 1382, 1388, 137 L.Ed.2d 626 (1997); *Silva v. Worden*, 130 F.3d 26, 31 (1st Cir.1997).

In response to the order to show cause, Plaintiff has submitted evidence of disputes that she had or has with her supervisors. This evidence certainly demonstrates that she has had differences with her supervisors regarding her work duties. This evidence does not demonstrate, however, that these disputes were motivated by a religious-based discriminatory animus on the part of her supervisors. To the extent that Plaintiff relies on the evidence that was already in the record as part of the summary judgment motions, as the Court discussed in its ruling on PSG's motion for summary judgment,[14] the evidence does not support a claim of religious harassment by PSG's employees. The Court has reviewed all the evidence in the record and concludes that the evidence is insufficient to support a claim that Plaintiff suffered a constitutional violation caused either by (1) the decisions of a high-ranking PSG official whose acts can fairly be said to constitute PSG policy or (2) acts which, although not formally approved by authorized PSG decisionmakers, were so widespread as to constitute a PSG custom.[15] Accordingly, the Court holds that

---

13. Docket no. 80, at 20–21.

14. Docket no. 79, at 9–17.

15. In support of her motions for reconsideration, Plaintiff has submitted a CD–ROM which she claims contains a recording of Feli-

summary judgment is warranted on Plaintiff's section 1983 claim against PSG.

WHEREFORE, the Court denies Plaintiffs' motions for reconsideration (docket nos. 83 and 84) and her motion in response to the Court's order to show cause (docket no. 85). The Court dismisses her section 1983 claim against PSG with prejudice and dismisses her remaining Puerto Rico law claims against PSG without prejudice. *See Houlton Citizens' Coalition v. Town of Houlton,* 175 F.3d 178, 192 (1st Cir.1999). Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

ciano and Rivera singing a Christmas carol mocking her. Docket no. 83, exhibit 1. This recording, even if considered along with all the other evidence as a whole, would not be sufficient evidence to establish the existence of either a policy by high-ranking PSG decisionmakers or acts so widespread as to be a PSG custom.