Angel **VILLANUEVA–MENDEZ**
et al., **Plaintiff**

v.

Ramon L. **NIEVES VAZQUEZ**
et al., **Defendants.**

No. CIV. 02–1745(DRD).

United States District Court,
D. Puerto Rico.

March 2, 2005.

Valery Lopez–Torres, Bayamon, PR, Rafael A. Machargo, San Juan, PR, for Plaintiff.

Maria S. Kortright–Soler, M.S. Kortright Soler Law Offices, San Juan, PR, Mariana Negron–Vargas, Dept. of Justice, Fed. Lit. Div., San Juan, PR, Eileen Landron–Guardiola, Eduardo A. Vera–Ramirez, Landron & Vera LLP, Guaynabo, PR, for Ramon Nieves–Vazquez, defendant.

Luis R. Perez–Giusti, Marta M. Villares–Seneriz, Mignucci & Perez Giusti Home Mortgage Plaza, San Juan, PR, for Samuel Gonzalez, defendant.

## ORDER

DANIEL R. DOMINGUEZ, District Judge.

Pending before the Court is Plaintiffs' *Motion for Reconsideration* (Docket No. 100). Plaintiffs request the Court to reconsider its Opinion and Order granting Defendants' motions for summary judgment (Docket No. 45, 46, 48 and 54). Defendant, Samuel González, duly opposed Plaintiffs' request (Docket No. 102).

Plaintiffs filed a complaint, pursuant to 42 U.S.C § 1983, against Defendants, Ramón L. Nieves Vázquez and Samuel González, alleging that plaintiff's Angel Villanueva Mendez's First and Fourteenth Amendment rights were violated when he was demoted from his position as Park Director of Camuy River Caves Park.

This Court referred the matter to Magistrate Judge Aida M. Delgado Colón, who issued her Report and Recommendation (Docket No. 92), recommending that Defendants' motions for summary judgment be granted. Plaintiffs filed an *Objection to Honorable Magistrate–Judge's Report and Recommendation* (Docket No. 93) asserting that said recommendation incorrectly concluded that Plaintiff's, Villanueva Mendez, demotion on May 21st, 2001 was merely an ongoing effect of the notification he received on February 28, 2001, which reassigned him to the Quality Standard Committee of the newly created National Parks Company of Puerto Rico. Plaintiffs sustain that it wasn't until the letter received on May 21st, 2001 when Villanueva Mendez was effectively demoted by being reassigned to the Quality Standards Committee and therefore, since the discriminatory conduct occurred on this date, his action was not time barred and the summary judgment should be denied.

The Court, after reviewing both Plaintiffs and Defendants' objections, issued an Opinion and Order adopting *in toto* the Magistrate's Report and Recommendation (Docket No. 98). The Court concluded that Plaintiffs' March 27th letter demonstrated that they were aware of the adverse employment action against Villanueva Mendez that had triggered the limitations period. Consequently, since Plaintiffs' complaint was filed more than a year after the commencement of the limitations period their action is time barred under federal law. Accordingly, the Court granted Defendants' motions for summary judgment.

Plaintiffs now request the Court to revisit its decision and reconsider its findings that supported the Court's conclusion to grant Defendants' motions for summary judgment. Plaintiffs aver that the Court fails to distinguish the injury suffered as a consequence of his reassignment on February 27th from the injury suffered by the final notice of "full-time" reassignment on May 21st, as independent discriminatory acts with separate limitation periods. Further, Plaintiffs sustain that Defendants' representations and assurances that the reassignment would not affect his salary or employee status delayed their institution of this civil action.

### I.

Motions for reconsideration are generally considered either under Fed. R.Civ.P. 59 or Rule 60, depending on the time such a motion is served. *Perez–Perez v. Popular Leasing Rental, Inc.*, 993 F.2d 281, 284 (1st Cir., 1993). Whether under Rule 59 or Rule 60, a motion for reconsideration cannot be used as a vehicle to relitigate and/or rehash matters already litigated and decided by the Court. *Standard Quimica De Venezuela v. Central Hispano International, Inc.*, 189 F.R.D. 202, n. 4 (D.P.R., 1999). These motions are entertained by courts if they seek to

correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in law. *See Rivera Surillo & Co. v. Falconer Glass Indus., Inc.,* 37 F.3d 25, 29 (1st Cir., 1994) *citing F.D.I.C. v. World University, Inc.* 978 F.2d 10, 16 (1st Cir., 1992); *Cherena v. Coors Brewing Co.* 20 F.Supp.2d 282, 286 (D.P.R., 1998); *see also National Metal Finishing Com. v. BarclaysAmerican/Commercial, Inc.,* 899 F.2d 119, 124 (1st Cir., 1990). Hence, this vehicle may not be used by the losing party "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier". *Id.* at 123. See also, *Waye v. First Citizen's National Bank,* 846 F.Supp. 310, 314 n. 3 (M.D.Pa., 1994) (a motion for reconsideration is unavailable if it simply brings a point of disagreement between the court and the litigant, or to reargue matters already properly prior thereto disposed).

■ The Federal Rules of Civil Procedure do not specifically provide for the filing of motions for reconsideration. *Sierra Club v. Tri–State Generation and Transmission Assoc., Inc.,* 173 F.R.D. 275, 287 (D.Colo.1997); *Hatfield v. Board of County Comm'rs for Converse County,* 52 F.3d 858, 861 (10th Cir., 1995). Notwithstanding, any motion seeking the reconsideration of a judgment or order is considered as a motion to alter or amend a judgment under Fed.R.Civ.P. 59(e) if it seeks to change the order or judgment issued. *Id.* Further, although Rule 59(e) refers to judgments, i.e rulings that are appealable, Rule 59(e)'s legal standards will be applied to motions for reconsideration of interlocutory orders. *Waye v. First Citizen's National Bank,* 846 F.Supp. 310 (request for reconsideration of an interlocutory order denying plaintiff's motion for a default judgment); *Atlantic*

*States Legal Foundation v. Karg Bros. Inc.,* 841 F.Supp. 51, 55 (N.D.N.Y., 1993) (motion for reconsideration of an order granting in part and denying in part a motion for summary judgment); *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D 99 (E.D.Va.1983) (motion for reconsideration of order denying motion to dismiss).

■ Although the general rule is that motions for reconsideration will not be considered when filed more than ten days after the judgment at issue is entered, this deadline does not apply to the reconsideration of interlocutory orders. With interlocutory orders, whether a motion for reconsideration has been timely filed or not rests solely on whether or not the motion was filed unreasonably late. *McDowell Oil Service, Inc. v. Interstate Fire and Casualty Company,* 817 F.Supp. 538, 543 (M.D.Pa., 1993); *Frito–Lay of Puerto Rico, Inc. v. Canas,* 92 F.R.D. 384, 389–90 (D.P.R., 1981); *Atlantic States Legal Foundation v. Karg Bros.,* 841 F.Supp. at 55; *McCarthy v. Manson,* 714 F.2d 234, 237 (2nd Cir., 1983).

■ As a general rule, motions for reconsideration should only be exceptionally granted. As the Western District Court of Pennsylvania has wisely explained:

[M]otions for reconsideration must be strictly reviewed for at least four reasons. First, it would tend to undercut the court's first decision and transform it into an advisory opinion, which is prohibited. Second, motions for reconsideration run counter to the operation of the Federal Rules of Civil Procedure, which provide all the necessary safeguards to promote fair decisions. Third, broad interpretation of motions for reconsideration is not supported by controlling precedent. And last but not least, reconsideration of dispositive decisions ... hinders the court's ability to decide mo-

tions awaiting resolution that have yet to be reviewed once, let alone twice. *Williams v. City of Pittsburgh,* 32 F.Supp.2d 236, 238 (W.D.Pa.1998).

Thus, in interest of finality, at least at the district court level, motions for reconsideration should be granted **sparingly** because parties should not be free to relitigate issues a court has already decided. *Id.* (*citing New Chemic (U.S), Inc. v. Fine Grinding Corp.,* 948 F.Supp. 17, 18–19 (E.D.Pa.1996)). "Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly". *Williams v. City of Pittsburgh,* 32 F.Supp.2d at 238. A district court may, however, grant a party's motion for reconsideration in any of three situations: (1) the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice. *Dodge v. Susquehanna University,* 796 F.Supp. 829, 830 (M.D.Pa., 1992)

"A motion for reconsideration of an order to grant [or deny] summary judgment is treated as a motion under Rule 59(e) of the Federal Rules of Civil Procedure". *Trabal–Hernandez v. Sealand Services, Inc.,* 230 F.Supp.2d 258, 259 (D.P.R., 2002); *Rosario Rivera v. PS Group of P.R., Inc.,* 186 F.Supp.2d 63, 65 (D.P.R., 2002). "These motions should be granted to correct 'manifest errors of law' or to present newly discovered evidence". *Trabal Hernandez v. Sealand Services, Inc.,* 230 F.Supp.2d at 259; *F.D.I.C v. World Univ. Inc.,* 978 F.2d 10,16 (1st Cir.,1992); *Nat'l Metal Finishing Co. v. Barclays-American/Commercial, Inc.,* 899 F.2d at 123. Rule 59(e) motions cannot be used "to raise arguments which could have been raised prior to the issuance of the judgment". *Pacific Insurance Company v. Am.*

*Nat'l. Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir., 1998) "Neither are Rule 59(e) motions appropriate 'to repeat old arguments previously considered and rejected'." *Trabal Hernandez v. Sealand Services, Inc.* 230 F.Supp.2d at 259; *Nat'l Metal Finishing Co., Inc.,* 899 F.2d at 123; *Gueits–Colon v. Fraticelli–Viera* 181 F.Supp.2d 48, 49 (D.P.R.2002). **Hence, "motions for reconsideration are 'extraordinarily remedies which should be used sparingly'."** *Trabal Hernandez v. Sealand Services, Inc.,* 230 F.Supp.2d at 259; *Nat'l Metal Finishing Co., Inc.,* 899 F.2d at 123; and are **"typically denied"**, 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §§ 2810.1 at 128 (2d ed.1995). *Emphasis added.*

A Rule 60(b) motion permits the Court to "relieve a party ... from a final judgment, order, or proceeding" for the specifics instances prescribed by the rule. However, Rule 60(b)(6) applies only in exceptional and extraordinary circumstances, that is, "unusual and extreme situations where principles of equity *mandate* relief" *Jinks v. AlliedSignal Inc.,* 250·F.3d at 387 quoting *Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir., 1990). *Emphasis in the original.* This remedy motion is not to be used as a substitute for appeal. *Jinks v. AlliedSignal Inc.,* 250 F.3d 381, 386 *quoting Greenwood Explorations Ltd. v. Merit Gas & Oil Corp.,* 837 F.2d 423, 427 (10th Cir.1988).

With these parameters in mind, the Court reviews plaintiffs' request for reconsideration as to its previous decision granting defendants' request for summary disposition.

## II.

After careful review of Defendants' motions for summary judgment, Plaintiffs' oppositions, the Magistrate's Report and Recommendation and Plaintiffs'

objections thereto, this Court found that in the instant case Plaintiff, Villanueva Méndez, was not a victim of discriminating acts that individually constitute separate wrongs. The Court found that all facts that occurred after Villanueva Méndez had returned to work were the effects of the transfer from his position as Park Director to his position at the Quality Standards Committee. Consequently, since in employment discrimination actions the statute of limitations begins to run when the adverse decision is unambiguously notified to the employee and Villanueva Méndez's March 27th letter showed that he was fully aware of the adverse employment action that had triggered the limitations period, his action was time barred under federal law. Accordingly, Defendants' motions for summary judgment were granted. (Docket No. 98).

Plaintiffs sustain that the Court's previous decision was grounded on the fact that it applied solely a subjective standard based on Villanueva Méndez's March 27th letter. As a result, Plaintiffs aver, that the Court failed to distinguish between the injury suffered on February 27th, date when he was informed of his transfer and the injury suffered on May 21st, when he was notified of his "full-time" assignment to the Quality Standard Committee. According to Plaintiffs each of these incidents constitute independent discriminatory acts that are separately actionable. Further, Plaintiffs aver that the lack of a definite notification of the assignment on February 27th, coupled with the assurances allegedly made by Defendant Ramón L. Nieves Vázquez that his transfer would not affect his salary or employee status, made Plaintiffs refrain from filing this action sooner.

Defendants, on the other hand, sustain that Plaintiffs' theory that the incidents occurred on February 27th and on May 21st are independent discriminatory acts that are separately actionable, is forced and contrary to the facts of the case. Defendants aver that there is nothing in the facts of the case to suggest that the February 27th transfer was a temporary decision. Further, in order to reconsider Plaintiffs' argument, the Court would have to disregard the acknowledgments made by Villanueva Méndez that attest to the fact that he understood that the relief of his duties were motivated by a political animus.

 After careful consideration of Plaintiffs' *Motion for Reconsideration,* the Court finds that Plaintiffs' motion is a reinstatement of their previous arguments previously considered and rejected in the Court's Opinion and Order (Docket No. 98). As previously stated, a request for reconsideration cannot be used merely to reargue a point already decided. *Barrett v. Lombardi,* 239 F.3d 23, 28 (1st Cir.,2001) *citing Cody Inc., v. Town of Woodbury,* 179 F.3d 52, 56 (2d Cir., 1999); *Cashner v. Freedom Stores Inc.,* 98 F.3d 572, 577 (10th Cir., 1996).

A reconsideration of a previously issued Order is "addressed to the sound discretion of the trial court." *Lepore v. Vidockler,* 792 F.2d 272, 274 (1st Cir., 1986) quoting *Pagan v. American Airlines Inc.,* 534 F.2d 990, 993 (1st Cir., 1976). The Court may grant a party's motion for reconsideration if the movant presents new evidence not previously available, an intervening change in controlling law or the need to correct a clear error of law or to prevent manifest injustice. *Dodge v. Susquehanna University,* 796 F.Supp. 829, 830 (M.D.Pa., 1992). To the extent that the motion for reconsideration merely requests the Court to revisit Plaintiffs' previous allegations, all of which were carefully considered by the Court prior to its issuance of its Opinion & Order, the request should be refused.

Plaintiffs in the instant case failed to establish that the Court's Opinion and Order suffers from "manifest errors of law"

**326**

that should be corrected *Trabal–Hernandez v. Sealand Services, Inc.,* 230 F.Supp.2d at 259. Neither did Plaintiffs bring forth newly discovered evidence that the Court should consider, nor an intervening change in controlling law or the need to prevent manifest injustice, in order to be entitled to the relief sought. *Dodge v. Susquehanna University,* 796 F.Supp. at 830. A motion for reconsideration is not the means to simply raise a point of disagreement between the court and the litigant. *Waye v. First Citizen's National Bank,* 846 F.Supp. at 314 n. 3. Further, plaintiffs have failed to bring forth any evidence to justify relief pursuant to Rule 60(b). In sum, Plaintiffs have failed to establish that this is a unique situation "where principles of equity *mandate* relief" *Jinks v. AlliedSignal Inc.,* 250 F.3d at 387 quoting *Olle v. Henry & Wright Corp.,* 910 F.2d at 365, *(emphasis in the original),* that justifies that the extraordinarily remedy requested should be granted. Plaintiffs simply request the Court to reconsider arguments that were already discussed at this Court's order. However, this tool is not a means for a party to request the Court "to rethink a decision it has already made, rightly or wrongly." *Williams v. City of Pittsburgh,* 32 F.Supp.2d at 238.

Motions for reconsideration is an extraordinary remedy which should be sparingly granted. *Trabal Hernandez v. Sealand Services, Inc.,* 230 F.Supp.2d at 259. Plaintiffs have failed to bring forth anything that would entitle them to such exceptional remedy. Accordingly, Plaintiffs' *Motion for Reconsideration* (Docket No. 100) is hereby **DENIED.**

**IT IS SO ORDERED.**