OLYMPIC AUTOMOTIVE
& ACCESSORIES, et
al., Plaintiffs,

v.

PUERTO RICO ELECTRIC POWER
AUTHORITY (PREPA), et al.,
Defendants.

Civil No. 14–1026 (GAG).

United States District Court,
D. Puerto Rico.

Signed Feb. 3, 2015.

Julio Cesar Alejandro–Serrano, for Plaintiffs.

Luis M. Rodriguez–Lopez, for Defendants.

### OPINION AND ORDER

GUSTAVO A. GELPÍ, District Judge.

The present action was filed by Olympic Automotive & Accessories, The Wellness Inc. and José Joaquín Robles ("Plaintiffs") against the Puerto Rico Electric Power Authority ("PREPA") and several of its

officers (collectively "Defendants") on January 13, 2014. (Docket No. 1.) In their complaint, Plaintiffs alleged that Defendants violated their due process and statutory rights by illegally discouraging and preventing them access to and sidestepping PREPA's administrative procedures to object their power bills. *Id.*

On May 5, 2014, Defendants moved to dismiss Plaintiffs' complaint in its entirety, arguing, in pertinent part, that Plaintiffs failed to state a claim upon which relief can be granted because they did not avail themselves of the available administrative remedies under Law 33 of June 27, 1985, P.R. Laws Ann. tit. 27 §§ 262 et seq. ("Law 33"). (Docket No. 51 at 2–3.) Plaintiffs then opposed the request for dismissal of the present action. (Docket No. 54.) The court granted Defendants' motion to dismiss and held that Plaintiffs had not exhausted available administrative processes and remedies for their claims, as required under Law 33 and, thus, they were not permitted to pursue a claim against Defendants in this action. (Docket No. 58.) Accordingly, Plaintiffs' claims against Defendants were dismissed. *Id.*

Presently before the court is Plaintiffs' motion to reconsider the court's determination to grant Defendant's motion to dismiss and alter the judgment entered dismissing the case. (Docket No. 60.)

Plaintiffs one argument is simple: that the case should not be dismissed in its entirety because they availed themselves of the avenues of relief provided by PREPA as to the September and October 2012 bills alone[1] and that they followed the process to advance their objections for these bills because they filed a final request for revision of PREPA's prior determination before the Executive Director of the agency, thereby advancing to the final level in the objection process.[2] *See* Docket No. 60 at 1–2. Upon review and reconsideration of its decision, the court **DENIES** Plaintiffs' motion to reconsider and alter judgment at Docket No. 60 for the following reasons.

**I. Standard of Review**

■■■■ A motion for reconsideration cannot be used as a vehicle to re-litigate matters already litigated and decided by the court. *Villanueva–Mendez v. Vazquez*, 360 F.Supp.2d 320, 322 (D.P.R.2005). It is also a long-standing rule that motions for reconsideration cannot be used to bring forth new arguments. *See Nat'l Metal Finishing Co., Inc. v. BarclaysAm./Commercial, Inc.*, 899 F.2d 119, 123 (1st Cir. 1990) (holding that motions for reconsideration may not be used "to repeat old arguments previously considered and rejected, or to raise new legal theories that should

---

1. Plaintiffs plead the court to reconsider its decision as to the September and October 2012 bill objections only and, hence, they accept the court's findings as to all other issues addressed and ruled upon by the court at Docket No. 58.

2. Plaintiffs moreover mention in their last sentence of their motion that neither the motion to dismiss nor the court's ruling addresses all claims made by Plaintiffs. (Docket No. 60 at 4.) The court notes that Plaintiffs neglected to raise this argument in their opposition to dismissal, though they bring it now, Plaintiffs fail to substantiate it. They do not point to which claims those might be and how

they were not addressed. The court cannot consider such a vague argument because Plaintiffs did not put it in a position to reach its merits, if any. It is well-settled "that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *U.S. v. Zannino*, 895 F.2d 1, 17 (1st Cir.1990) (warning that it is not enough for litigants to mention arguments "in the most skeletal way, leaving the court to do counsel's work create the ossature for the argument, and put flesh on its bones."). *See Rodriguez v. Municipality of San Juan*, 659 F.3d 168, 176 (1st Cir.2011).

have been raised earlier"). These motions are entertained by courts if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in law. *See Rivera Surillo & Co. v. Falconer Glass. Indus. Inc.,* 37 F.3d 25, 29 (1st Cir.1994).

## II. Discussion

Plaintiffs aver that Defendants conveniently ignored to mention that they requested a final review of the September and October 2012 power bills before the Executive Director of PREPA, as required by Law 33,[3] to further their initial objections, which had been previously denied by PREPA. To support this contention, and in turn, its averment that Plaintiffs exhausted the administrative process by requesting a final revision as to these two bills, Plaintiffs attached two documents: Docket No. 54–1 and 54–2, which they originally filed with their opposition to Defendants' motion to dismiss.

■ The problem with Plaintiffs' assertion is that said documents were filed in the Spanish language and never translated to the mandatory English language. *See* 48 U.S.C. § 864. Under 48 U.S.C. § 864, "[a]ll pleadings and proceedings in the United States District Court for the District of Puerto Rico shall be conducted in the English language." The First Circuit has enforced this rule where the Spanish language document or matter is key to the outcome of the proceedings in the district court. *Puerto Ricans For P.R. Party v. Dalmau,* 544 F.3d 58, 67 (1st Cir.2008).

In *González–De–Blasini v. Family Department,* the First Circuit held that "[t]he district court should *not* have considered any documents before it that were in the Spanish language." 377 F.3d 81, 89 (1st Cir.2004). The First Circuit has further held that "it is the independent duty of the district court to make sure that '[a]ll pleadings ... be conducted in the English language.'" *United States v. Rivera–Rosario,* 300 F.3d 1, 6 (1st Cir.2002) (quoting 48 U.S.C. § 864). This duty, the First Circuit said, must not be taken lightly, as it ensures that the District of Puerto Rico remains an integrated part of the federal judiciary. *See Estades–Negroni v. Assocs. Corp. of N. Am.,* 359 F.3d 1, 2 (1st Cir. 2004) (discussing the importance of the English-language requirement and holding that "federal litigation in Puerto Rico [must] be conducted in English".) *See also United States v. Millan–Isaac,* 749 F.3d 57, 63 (1st Cir.2014).

Consonant with the above, the court cannot consider the documents at issue because Plaintiffs did not provide it with and made part of the record an English translation of them. Allowing Plaintiffs to rely on a non-English language document would be "at odds with the premise of a unified and integrated federal courts system." *Estades–Negroni,* 359 F.3d 1, 2. *See Puerto Ricans For P.R. Party,* 544 F.3d at 67. "The policy interest in keeping the District of Puerto Rico as an integrated part of the federal judiciary is too great to allow parties to convert that court into a Spanish language court at their whim."

---

**3.** Concerning the objection process, Law 33 states, in pertinent part,: "(c) The decision of the official of the region or district shall be notified to the subscriber in writing, who, if the decision is adverse, shall have ten (10) days from the date of the notice to pay, or request a revision of that decision and a hearing before the executive director of the authority concerned; (e) If the subscriber requests the revision and administrative hearing provided for in subsection (c) of this section, he/she must pay an amount equal to the average monthly or bimonthly consumption bill, as the case may be, before the hearing is held...." Tit. 27, § 262b (a)-(c),(e).

*Id.* (quoting *Rivera–Rosario,* 300 F.3d at 8 n. 9).

The First Circuit made clear that "there is nothing new about the law in this area." *Puerto Ricans For P.R. Party,* 544 F.3d at 67. The failure of Plaintiffs to provide a translated copy of the documents they intended to rely on (Docket 54–1 and 54–2) to support their pleadings is fatal. *See id.*

Although the above is dispositive of Plaintiffs' reconsideration request, the court considers it proper to discuss Plaintiffs' averment concerning the requisite partial payments to advance their bill objections. Plaintiffs attest that "[t]here is nothing in the record that suggests that the Plaintiffs did not seek to advance their objections to the next level. *Except that the[y] refused to make the partial payments.*" *See* Docket No. 60 at 3. Plaintiffs readily admit that they did not make the payments required under Tit. 27 § 262b(e).

Plaintiffs further argue, for the first time, that although they refused to make the partial payments, Defendants did not ask for the money, and it was "incumbent upon the office of the Executive Director and not the Regional Director to require such payments . . . ." and that "it is never incumbent upon the Regional Director to impose or calculate the partial payments . . . ." (Docket No. 60 at 3–4.)

The court invites Plaintiffs to review the language of Law 33, Tit. 27 § 262b(e):

(e) If the subscriber requests the revision and administrative hearing provided for in subsection (c) [the final request for review before the Executive Director] . . ., **he/she must pay an amount equal to the average monthly or bimonthly consumption bill, as the case may be, before the hearing is held . . . .**" Tit. 27, § 262b (e).

■ Plaintiffs admit that they refused to make the partial payments, thus acknowledging that they did not follow the directives of Law 33. However, they now intend to "wash their hands" off their non-compliance by arguing that a certain official, to wit, the Executive Director, is the one authorized to require the payment and in their case the Regional Director did. Plaintiffs, however, do not cite any Section under Law 33 to support their contention and there is nothing in the text that suggest as much. Just to be clear, Law 33 imposes the requirement upon subscribers to make the aforementioned payment to continue with the final review of their objections. The payment is not discretionary and Law 33 does not impose a condition upon a certain PREPA official to "require" it. The objection process is clearly laid out by Law 33, and Plaintiffs had to observe its directives. Tit. 27 § 262b(e) states that subscribers must submit the partial payments as a condition for the final review and administrative hearing. It is incumbent upon the subscribers to observe the requirements of Law 33; otherwise, they face the consequences of their failure to comply with the administrative process.

Law 33 also imposes requirements upon Defendants but what Plaintiffs suggest is not one of them. In this case, the court found that Defendants followed Law 33 and did not commit the violations alleged by Plaintiffs. For example, Defendants at all times informed Plaintiffs of their rights under Law 33, informed the deadlines to object the bills and the process to follow, yet Plaintiffs opted out of it. Defendants even took additional steps to assist Plaintiffs. (See Docket No. 58 at 14.)

Assuming *arguendo* that Plaintiffs requested a final review in a timely fashion before the Executive Director for the September and October 2012 bills, the bottom

line is that they failed to make the partial payment as required by Law 33 to sustain those objections. They concede as much. Plaintiffs are the parties interested in advancing their bill objections and it rests on their shoulders to follow the applicable administrative procedures. The court needs not elaborate further.

For the reasons set forth above, the court reiterates its prior ruling at Docket No. 58 that Plaintiffs did not follow the clear directives of Law 33, thereby failing to exhaust the prescribed state administrative process, and thus, failed to avail themselves of available remedies. Accordingly, the court **DENIES** Plaintiffs' motion to reconsider and alter judgment at Docket No. 60.

**SO ORDERED.**